**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Barry D. Leiwant
*Interim Executive Director
and Attorney-in-Chief*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 19, 2024

<u>Via ECF</u>

The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

By March 20, 2024 at 12:00 p.m., the Government shall file a letter advising the Court as to whether it is able to facilitate with the Marshals Service the production of Mr. Brightman to the Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York, on Friday, March 22, 2024, in the event that Pretrial Services is able to accommodate the use of a room in their space for Mr. Brightman and his counsel to view the funeral remotely.

SO ORDERED.
Date: March 19, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge

Re:  <u>United States v. Herman Brightman
     23 Cr. 642 (JPC)</u>

Dear Judge Cronan,

I write to respond briefly to the government's filings of today's date and March 15.

First, in conversation with the government regarding the defense's temporary release request, *before* the government filed its opposition, the undersigned informed the government (and pointed it to cases confirming) that the defense was seeking temporary release because, in the experience of our office, MDC Brooklyn has refused to accommodate live video viewings of funerals by defendants for exactly the reasons the government's letter now recites. Nonetheless, in opposing temporary release, the government represented to the undersigned and the Court that it "has had success in the recent past allowing inmates to attend the funerals of loved ones by videoconference." Doc. 19 at 1. The government now disclaims any ability to facilitate a video stream of Mr. Brightman's father's funeral. The government's prior representations delayed resolution of the defense's temporary release request and wasted necessary time that could have been spent interviewing and approving Mr. Brightman's proposed co-signers.

Second, the government's prior letter argued against temporary release by stating that "[p]lenty of defendants in this District have cut off ankle monitors to flee." Doc. 19 at 3. This vague, unsupported assertion is misleading, at best. For the time period of July 1, 2022 to June 30, 2023 (the last year for which Pretrial Services has released data) of the 1,705 individuals on Pretrial supervision, only 27 (or 1.6% of the total individuals on supervision) had violations for failure to appear in court—and not all of these were instances where a defendant attempted to flee. *See* Email from S. Kowal, U.S. Pretrial Services Officer (Aug. 18, 2023) (on file). This is consistent with nationwide data, which confirm that the number of federal defendants who attempt to flee while on pretrial release is vanishingly small, as the Department of Justice itself confirms. In a report issued in March of 2022, the Department of Justice Bureau of Justice Statistics reported that over a study period of eight years and 747,468 cases, of those pretrial

**United States v. Herman Brightman**
**23 Cr. 642 (JPC)**

defendants ordered released, only "1% failed to appear for a subsequent court hearing." G. Browne & S. Strong, U.S. Dep't of Justice, Bureau of Justice Statistics, "Pretrial Release and Misconduct in Federal District Courts, Fiscal Years 2011–2018," at 1, 9 (Mar. 2022), https://bjs.ojp.gov/content/pub/pdf/prmfdcfy1118.pdf. The Court cannot and should not assume that Mr. Brightman will violate the strict conditions of his proposed temporary release because the government alludes to incorrect and unsubstantiated concerns about other defendants fleeing.

Third, the Court should not accept vague arguments from MDC that allowing detained individuals to watch a funeral service presents "safety" issues because the detained individuals might hear or see something MDC deems inappropriate. MDC Brooklyn has a long and detailed record of defying court orders and making misrepresentations to the courts of this District and the Eastern District of New York with respect to its abysmal care and treatment of detainees. *See, e.g.*, *United States v. Chavez*, 22 Cr. 303 (JMF) (S.D.N.Y. Jan. 4, 2024), Doc. 31. MDC's refusal to permit a videoconference and its assertions that permitting Mr. Brightman to watch a video of a funeral service would present "safety" issues are not supported by a citation to any specific instances in which such an outcome happened and appear to be more consistent with MDC's track record of doing the bare minimum (and often not even that) to care for the individuals in its custody.

Moreover, the undersigned is a member of the bar of this Court and will (as will my staff) abide by all rulings and instructions issued by the Court. If the Court were to order Mr. Brightman to be produced to the courthouse at 500 Pearl Street to observe the funeral on a laptop or tablet from the U.S. Pretrial Services rooms or another room in the courthouse, and that he not be permitted to touch or access the computer or tablet in any way, Federal Defenders can provide the equipment and internet service to connect to the funeral and ensure that no impermissible content is accessed, shared, or displayed at any time—just as we ensure that all video conferences and phone conferences with detained clients are in compliance with the security measures and rules imposed by MDC Brooklyn.

We respectfully urge the Court to permit Mr. Brightman to observe his father's funeral service either in person or remotely.

Respectfully submitted,

/s/

Neil P. Kelly
Assistant Federal Defender
(212) 417-8744

cc:   Counsel of record